## GREEN and others *vs.* JOSEPH V. PALLAS.

Where the answer admits all the facts in which the equity of the bill rests, but sets up new matter in avoidance, the injunction will not be dissolved.

A *feme covert*, who has been permitted by her husband to purchase goods, and give her note for them, and to use them as her separate property, has the right to transfer them, as her separate property, in payment of her notes

*F. Kingman,* for motion.

*M. Beasley,* contra.

THE CHANCELLOR. The question is, whether the equity of the bill is denied, or does the defendant avoid the equity by setting up new matter.

I will briefly advert to the facts which constitute the equity of the bill, and to the answer which the defendant makes to them.

The bill alleges, that the complainants sold the stock of goods in question to Anna Pallas, the wife of the defendant, for $484.46, and took her notes for that amount, and executed and delivered to her a bill of sale for the same, with the consent of the defendant, for the purpose of enabling her to carry on a separate trade free from the control and debts of her husband, and executed to her a lease of a store for the term of three years, as a place of business.

Now it is true the defendant denies that the goods

were sold to his wife, and alleges they were sold to him; but he admits that, with his consent, his wife gave her own notes in payment, and that the bill of sale and lease were executed to her. He reconciles the apparent inconsistency between his denial of the sale being made to his wife, and yet that she gave her notes for them, and received in her own name the bill of sale, by the averment, that this was done because there was a judgment outstanding against him, and that the form of sale and payment were adopted to protect the property against the judgment. But suppose it was done for that purpose, there was nothing unlawful *in this*. There is no allegation that it was done to defraud the creditors of the defendant. The goods were the property of the complainants, and in parting with the possession, there was nothing unlawful that they should place them in a position in which a creditor of the defendant could not obtain a lien upon them, and thus deprive them of the payment for their goods.

Again, the bill alleges that the complainants gave to the wife a letter of credit on the Trenton Banking Company for one thousand dollars. The answer does not deny the fact that this letter of credit was given, but alleges that it was, to use its own language, a *bogus* letter. There are no facts stated in confirmation of this assertion, and before the defendant can derive any benefit from it he must prove it. The fact, that the letter of credit was given, is admitted. If the defendant wishes to deprive the complainants of the legitimate inference to be drawn from it, his own assertion, that it was *bogus*, is not sufficient for the purpose.

The bill charges, that the wife carried on business in her own name as a separate trader, and states facts which are sufficient to justify the allegation, and to charge her in that capacity. The answer admits all the facts, and yet denies the inference.

I think there is sufficient equity in the complainants'

bill to enable them to maintain this suit. The answer admits all the facts upon which this equity rests, and sets up matters in avoidance.

The defendant does not pretend that the goods have ever been paid for. There is an admitted indebtedness of upwards of a thousand dollars for the goods in dispute. The answer does not set up a pretence that one dollar has ever been paid on account of them.

It is further insisted, that the bill of sale from Anna Pallas to the complainants is void, she being a married woman. There is nothing in this. If she purchased the goods, and gave her notes for them with the consent of her husband to use them as her separate property, she had a right to, as her separate property, retransfer them in payment of her notes.

The injunction must stand until final hearing.